UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                    CRIMINAL ACTION NO. 3:05CR-121-S


TOREE SIMS
KAREN JOHNSON                                    DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY


Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find each defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against either defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. All defendants are presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

As stated before, a defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the testimony.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

You have heard testimony of several witnesses who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the witness' opinion. In deciding how much weight to give it, you should consider the witness' qualification and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the United States called as witnesses a number of persons named as co-defendants in this case, with whom the United States has entered into plea agreements. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because that person wants to strike a good bargain with the United States. So, while a witness of that kind may be entirely truthful when testifying, you should consider this testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pled guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## COUNT 1

Count 1 of the indictment charges the defendants with conspiracy to distribute and to possess with intent to distribute cocaine. A conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

For you to find either of the defendants guilty of the conspiracy charge, the United States must prove each and every one of the following elements beyond a reasonable doubt as to that defendant:

First:  That two or more persons conspired, or agreed, to distribute or to possess with intent to distribute cocaine; and

Second: That the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

With regard to the first element – a criminal agreement – the United States must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute or to possess with intent to distribute cocaine.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all of the details. What the United States must prove is that there was a mutual understanding reached, because the essence of a conspiracy is the making of the scheme itself. Proof of a mutual understanding between two or more persons to distribute or to possess with intent to distribute cocaine is essential. Proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. But these are things that you may consider in evaluating all the

evidence in deciding whether the United States has proved the existence of a criminal agreement beyond a reasonable doubt.

With regard to the second element – the defendant's connection to the conspiracy – the United States must prove that the defendant knowingly and voluntarily joined that agreement. The United States must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in determining whether either or both of them knowingly and voluntarily joined the conspiracy.

A defendant's knowledge of the conspiracy can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make that defendant a conspirator. It is not required that the defendant knew everything about the conspiracy, or everyone else involved, or that the defendant was a member of it from the very beginning. Nor does a defendant have to have played a major role in the conspiracy, or have a substantial connection to it. A slight role or connection may be enough. These are all things that you may consider in evaluating all of the evidence in deciding whether the United States has proved beyond a reasonable doubt that a defendant knowingly and voluntarily joined the conspiracy.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of all other conspirators be known.

## <u>SPECIAL INTERROGATORY AS TO COUNT 1</u>

If you have found either or both of the defendants guilty as to Count 1, you must also determine beyond a reasonable doubt what quantity of cocaine was involved in the conspiracy in which one or both defendants joined.

You will indicate your verdict in the space provided for you on the verdict form.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

You will note that the indictment charges that the crime was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "voluntarily," as that term has been used in these instructions, means that the act was committed intentionally and purposely, with the specific intent to do something the law forbids.

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find any one of the defendants guilty or not guilty should not affect your verdict as to any other defendant.

The defendants are on trial only for the specific crime alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JEFFREY A. APPERSON, CLERK

OCT 1 9 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

vs.

INDICTMENT

NO. _3:05CR-121-S_

21 U.S.C. § 846
21 U.S.C. § 841(b)(1)(A)(ii)
21 U.S.C. § 853

TOREE SIMS

KAREN JOHNSON

The Grand Jury charges:

## COUNT 1

From on or about and between August 1, 2002, and December 1,
2004, in the Western District of Kentucky, Jefferson County,
Kentucky, **TOREE SIMS**                    **KAREN JOHNSON**

defendants herein, knowingly

conspired with each other and with others, known and unknown to
the Grand Jury, to knowingly and intentionally possess with the
intent to distribute and to distribute five kilograms or more of
a mixture or substance containing a detectable amount of cocaine,
a Schedule II controlled substance as defined in Title 21, United
States Code, Section 812. In violation of Title 21, United
States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

which the defendants are jointly and severally liable.

Pursuant to Title 21 United States Code, Section 853.

A TRUE BILL.


_____
DAVID L. HUBER
UNITED STATES ATTORNEY

DLH:LLH:sch:051005

**VERDICT FORM A**

| | |
|---|---|
| ## United States District Court | **District**<br><br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>TOREE SIMS<br>KAREN JOHNSON | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR-121-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Toree Sims, _____ as to Count 1 of the indictment.
(guilty/not guilty)

Having found the defendant, Toree Sims, guilty as to Count 1 of the indictment, we the jury, find beyond a reasonable doubt that the conspiracy charged in Count 1 of the indictment involved the following quantity of cocaine:

_____ 5 kilograms or more

_____ 500 grams or more, but less than 5 kilograms

_____ Less than 500 grams

| | |
|---|---|
| **Foreperson's Signature** | **Date** |

**VERDICT FORM B**

| United States District Court | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>TOREE SIMS<br>KAREN JOHNSON | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:05CR-121-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Karen Johnson, _____ as to Count 1 of the indictment.
<span style="padding-left:14em">(guilty/not guilty)</span>

Having found the defendant, Karen Johnson, guilty as to Count 1 of the indictment, we the jury, find beyond a reasonable doubt that the conspiracy charged in Count 1 of the indictment involved the following quantity of cocaine:

_____    5 kilograms or more

_____    500 grams or more, but less than 5 kilograms

_____    Less than 500 grams

| **Foreperson's Signature** | **Date** |
|---|---|
| | |